UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DANIEL O. CONWILL, IV | CIVIL ACTION |
| VERSUS | NO. 11-0938 |
| GREENBERG TRAURIG, LLP, ET AL. | SECTION: "G" |

**ORDER AND REASONS**

Before the Court are Defendant Greenberg Traurig, LLP's ("Greenberg") and Defendant Jay Gordon's ("Gordon") Motions to Reinstate a Stay of Proceedings.[1] For the following reasons, the Motions to Reinstate a Stay of Proceedings are DENIED.

**I. BACKGROUND**

On July 12, 2011, while this matter was pending before Section I, the Court ordered the matter (*Conwill II*) stayed and administratively closed pending the U.S. Court of Appeals for the Fifth Circuit's ("Fifth Circuit") final judgment in *Daniel O. Conwill, IV v. Greenberg Traurig, L.L.P., et al* (Appeal No. 11-30360) ("*Conwill I*"). In ordering the stay and administrative closure, the Court stated that any party may file a written motion to re-open the case within 30 days of the Fifth Circuit's final disposition in *Conwill I*. On November 21, 2011, in a telephone conference with the parties, the Court granted plaintiff Daniel Conwill's ("Conwill") motion to reopen the above-captioned matter following the Fifth Circuit's mandate issued in *Conwill I*. At that time Greenberg and Gordon indicated that they planned to file a petition for a writ of certiorari with the United States Supreme Court for review of the Fifth Circuit's decision in *Conwill I* and that they

---

[1] *Conwill II*, Civil Action No. 11-938, Rec. Docs. 33, 36.

1

would seek to stay the above-captioned matter pending resolution of their petition. On December 8, 2011, Greenberg filed its motion to reinstate the stay,[2] and on December 12, 2011, Gordon filed his motion to reinstate the stay.[3] Prior to a hearing on the matter, Greenberg and Gordon filed a writ of certiorari with the United States Supreme Court for review of the Fifth Circuit's decision in *Conwill I*. The United States Supreme Court has yet to act on Greenberg and Gordon's writ.

These actions (*Conwill I and II*) filed by Conwill against Greenberg, Gordon, and John Ohle, III ("Ohle") in this Court, allege that Greenberg, Gordon, and Ohle induced Conwill to pay large amounts of fees to engage in fraudulent tax strategies that Greenberg, Gordon, and Ohle knew or should have known would not be allowed by the IRS. Conwill's complaint in *Conwill I* alleged nine federal and state law causes of action against defendants.[4] On July 15 and 28, 2010, Judge Africk granted in part and denied in part Greenberg and Gordon's motions for summary judgment. The Court dismissed all of Conwill's claims except for a claim for breach of fiduciary duty and a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968.[5] In ruling on a subsequent motion for summary judgment, on March 21, 2011, Judge Africk dismissed Conwill's federal RICO claim with prejudice, dismissed the fiduciary duty claim without prejudice (refusing to exercise supplemental jurisdiction over the claim), and issued a final judgment.[6] Conwill filed a motion to alter the judgment that was denied by Judge Africk on April

---

[2] *Conwill II*, Rec. Doc. 33.

[3] *Conwill II*, Rec. Doc. 36.

[4] *Conwill I*, Civil Action No 09-4365, Rec. Doc. 1.

[5] *Conwill I*, Rec. Doc. 158.

[6] *Conwill I*, Rec. Docs. 328, 329.

5, 2011.[7]

Conwill then filed a notice of appeal from the final judgment in *Conwill I*.[8] Greenberg and Gordon filed cross-appeals in *Conwill I*. Greenberg and Gordon's appeal presented the single issue of whether Conwill's claim for damages based upon an alleged breach of fiduciary duty was perempted pursuant to LA. REV. STAT. ANN. § 9:5605 (2012) and therefore should have been dismissed with prejudice, rather than without prejudice. (Greenberg and Gordon did not raise the issue of whether Judge Africk was in error by refusing to exercise supplemental jurisdiction over the breach of fiduciary duty claim.) Conwill then voluntarily dismissed his appeal and then filed a motion to dismiss Greenberg and Gordon's cross-appeals. The Fifth Circuit granted Conwill's motion finding that as the prevailing parties below, Greenberg and Gordon were not aggrieved by the judgment appealed from and therefore lacked standing to appeal.[9] In its decision, the Fifth Circuit acknowledged that its decision was in conflict with the Tenth Circuit, which has held that even though a party prevails in the district court in the sense that the action against it was dismissed, such party nevertheless has standing to appeal the district court's refusal to dismiss a claim with prejudice.[10]

Conwill also filed this action, now referred to as *Conwill II*, where he again claims breach of fiduciary duty. Conwill has added a demand for punitive damages under New York law and also alleges a claim under the Louisiana Racketeering Act, LA. REV. STAT. ANN. § 15:1356(E).[11]

---

[7] *Conwill I*, Rec. Doc. 342.

[8] *Conwill I*, Rec. Doc. 343.

[9] *Conwill I*, Rec. Doc. 354.

[10] *Id.*

[11] *Conwill II*, Rec. Doc. 2.

On November 29, 2011, *Conwill II* was transferred to Section "G" of this Court.[12] Since then, Greenberg and Gordon have filed a petition for certiorari to the United States Supreme Court to review the Fifth Circuit's decision in *Conwill I*. Greenberg and Gordon have moved to reinstate the stay in *Conwill II* pending the resolution of their petition for certiorari.

## II. LAW AND ANALYSIS

*A. Standard Applicable to Request for Stay*

The parties disagree over the standard applicable to the Motion to Reinstate the Stay. Greenberg and Gordon argue that the "Court has 'wide discretion to control the course of litigation' and has the 'power to stay proceedings before it in control of its docket and in the interests of justice.'"[13] Greenberg and Gordon further allege that the stay should be granted as a parallel proceeding to *Conwill I* under *Colorado River Water Conservation District v. United States*[14] and its progeny.[15] However, this argument does not rely on the typical *Colorado River* abstention where a federal court abstains because of a parallel *state* court proceeding; rather, it relies on dicta from *Colorado River* that has been cited in the Fifth Circuit and others as the "first-to-file" rule which applies when two parallel federal actions are pending.

Conwill argues that these standards are inapposite here because the Defendants are actually requesting a stay of the mandate issued by the Fifth Circuit in *Conwill I*. As such, Conwill argues that the more stringent rules governing the stay of a mandate pending a writ of certiorari should

---

[12] *Conwill II*, Rec. Doc. No. 31.

[13] *Conwill II,* Rec. Doc. No. 33-2 at 5 (quoting *In re Ramu Corp*. 903 F.2d 312, 318 (5th Cir. 1990).

[14] 424 U.S. 800, 817 (1976).

[15] *Conwill II,* Rec. Doc. No. 33-2 at 6.

4

apply.[16] The mandate in *Conwill I* consisted of the Fifth Circuit's dismissal of Greenberg and Gordon's cross-appeal and the accompanying unpublished opinion. Conwill argues that by dismissing the cross-appeal in *Conwill I*, the mandate directed that Conwill could re-file his claims that were dismissed without prejudice.[17] Because Greenberg and Gordon are now attempting to stay these state law claims, Conwill argues that, in effect, Greenberg and Gordon are attempting to stay the mandate from *Conwill I*.

Several possible standards may govern the issuance of a stay, which the Court will now address.

### 1. Inherent Authority Rule

Typically, a district court's granting of a stay is based on its inherent "authority to regulate its flow of cases."[18] While the Court's inherent authority is broad, because the exercise of this authority to regulate the flow of its cases is generally unreviewable, a court must take care not to abuse this power.[19] As such, a district court should grant a discretionary stay based on its inherent authority only where there is "something close to genuine necessity" and only to the extent that

---

[16] *Conwill II,* Rec. Doc. No. 38 at 12.

[17] The parties have not provided, and this Court has not been able to find, any case in which a Motion for Stay in a new case filed after the issuance of a mandate in a previous, related case has been analyzed by the district court under the standard of a motion to stay the mandate.

[18] *Coastal (Bermuda), Ltd. v. E.W. Saybolt & Co.*, 761 F.2d 198, 204 n.6 (5th Cir. 1985) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.")).

[19] *Id.*; *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19 (1984) (holding that a district court abused its discretion when it granted a stay without a showing of exceptional circumstances).

other litigants are not unduly prejudiced.[20] Thus, under this standard, Greenberg and Gordon must show the necessity of the stay and balance this against any prejudice that Conwill might suffer.

   2. *Stay of an Appellate Mandate*[21]

The Federal Rules of Appellate Procedure describe the requirements for a Motion to Stay an Appellate Mandate. Pursuant to the rules, "[a] party may move to stay the mandate pending the filing of a petition of a writ of certiorari in the Supreme Court. The motion must be served on all parties and must show that the certiorari petition would present a substantial question and that there is good cause for a stay."[22] The grant of a motion to stay the mandate is "far from a foregone conclusion."[23]

Additionally, when a party attempts to stay a mandate after the mandate has already issued, as it has here, a circuit court must first recall its mandate.[24] The Local Rules of the Fifth Circuit provide a standard for when it will recall a mandate. The Rules state that "[o]nce issued a mandate will not be recalled except to prevent injustice."[25] Thus, if this motion should be analyzed under the standards governing the stay of a mandate, Greenberg and Gordon must first meet the burden to

---

[20] *Coastal*, 761 F.2d at 204 n.6 ("[T]he moving party bears a heavy burden to show why a stay should be granted absent statutory authorization . . . ."); *see Landis*, 299 U.S. at 255 ("Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.").

[21] This Court, of course, cannot stay the mandate of the Fifth Circuit issued in *Conwill I*; that is the province of the appellate courts. However, due to the relatedness of the mandate in *Conwill I* and the Motion to Reinstate the Stay in *Conwill II*, the standard used by the appellate courts when deciding whether to stay a mandate may be a useful guide to this Court.

[22] Fed. R. App. Proc. 41(d)(2)(A).

[23] 9A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3987.1 (4th ed. 2011).

[24] *Payne v. Clarendon Nat'l Ins. Co. (In re Sunset Sales, Inc.)*, 195 F.3d 568, 572 (10th Cir. 1999).

[25] Rules and Internal Operating Procedures of the United States Court of Appeals for the Fifth Circuit, 41.2.

recall the mandate–prevention of injustice–and then meet the burden to stay the mandate–a showing that the certiorari petition would present a substantial question and that there is good cause for a stay.

### 3. Colorado River *and the First-to-File Rule*

Although *Colorado River* is most cited for situations where a federal court abstains due to a pending *state* court proceeding, in that case, the Supreme Court also discussed the instance of two pending, parallel federal cases.[26] Specifically, the Court noted that while no specific rule has been developed for when there are two pending, parallel federal actions, "the general principle is to avoid duplicative litigation."[27]

In *Gulf Maritime Association v. ILA Deep Sea Local, 24*,[28] the Fifth Circuit cited *Colorado River* for the proposition that "[a]s between federal district courts . . . the general principle is to avoid duplicative litigation. The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result."[29] Under *West Gulf Maritime*, the two suits need not be identical, but there must be "substantial overlap between the two suits."[30] The Fifth Circuit has described this as the "first-to-file" rule and stated that the first-to-file rule is "essentially a forward-looking doctrine" used by courts "to maximize judicial economy and minimize embarrassing

---

[26] 424 U.S. at 817 (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952); *Steelman v. All Continent Corp.*, 301 U.S. 278 (1937); *Landis*, 299 U.S. at 254.

[27] *Id.*

[28] 751 F.2d 721 (5th Cir. 1985).

[29] *Id.* at 728-29.

[30] *Id.* at 730.

7

inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case *pending* in another court."[31] "The first-to-file rule is a discretionary doctrine"[32] which allows the Court in the second-filed action to transfer, dismiss, or stay the case.[33] This rule consistently has been applied when cases are pending in separate judicial districts.[34] In the rare instance where the separate suits are filed in the same district and are before the same judge, the interests of comity are not as significant.[35] Thus, if this standard applies,[36] Greenberg and Gordon must show that there would be a significant waste of judicial resources and a danger of inconsistency between the two pending cases.

*B. Analysis*

Greenberg and Gordon provide a variety of arguments in support of reinstating the stay. First, Greenberg and Gordon argue that because *Conwill II* is new and the parties have not begun discovery, they face high costs of discovery. Second, Greenberg and Gordon argue that if they are successful in *Conwill I*, *Conwill II* may be disposed of, thus avoiding the costs of discovery and

---

[31] *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir. 1999) (emphasis in original).

[32] *Id.* at 603.

[33] *Id.* (transfer or dismiss); *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1160 (5th Cir. 1992) (stay).

[34] *See West Gulf Maritime Assoc*, 751 F.2d at 722; *Cadle Co.*, 174 F.3d at 600; *Sutter Corp. v. P&P Industries, Inc.*, 125 F.3d 914, 917 (5th Cir. 1997); *Murray v. Roberts*, Civil Action No. 08-2005, 2008 U.S. Dist. LEXIS 60935, *2 (E.D.La. Aug. 7, 2008) (Africk, J.); *Poseidon Oil Pipeline Co., LLC v. Noble Drilling Inc.*, Civil Action No. 06-5753, 2007 U.S. Dist. LEXIS 32026, *1 (E.D. La. Apr. 26, 2007) (Lemelle, J.); *Old Republic Nat'l Title Ins. Co. v. Transcontinental Title Co.*, Civil Action No. 06-11148, 2007 U.S. Dist. LEXIS 57344, *1 (E.D.La. Aug. 6, 2007) (Fallon, J.); *In re Paspt Licensing*, Civil Action No. 99-1298, 2006 U.S. Dist. LEXIS 18010, *2 (E.D.La. April 10, 2006) (Barbier, J.).

[35] *See In re Katrina Canal Breaches Consolidated Litigation*, Civil Action No. 05-4182, 2009 U.S. Dist. LEXIS 1148, *449 (E.D.La. Jan. 7, 2009) (Duval, J.).

[36] The parties have not provided, and the Court has not found, any cases in which the first-to-file rule was applied when there was no longer a pending district court action in the earlier-filed case.

conserving judicial resources. Third, Greenberg and Gordon argue that the stay will be for a moderate length because the Supreme Court will decide whether or not to grant certiorari in *Conwill I* within several months. Finally, Greenberg and Gordon allege that Conwill will not suffer hardship or damage due to the stay since the suit was only filed in April 2011 and no discovery has taken place.

Conwill offers several arguments to rebut Greenberg and Gordon's contentions. First, Conwill points to the appellate posture of *Conwill I* to show that Greenberg and Gordon cannot obtain relief. Specifically, Judge Africk declined to exercise supplemental jurisdiction over the breach of fiduciary duty claims and dismissed these claims without prejudice. Previously, Judge Africk held that the ten-year statute of limitations applied to these claims and that they were not time-barred. On appeal, Greenberg and Gordon challenged this ruling on the statute of limitations but did not challenge Judge Africk's decision not to exercise supplemental jurisdiction. Conwill contends that the courts simply cannot entertain the appeal because the Court has no jurisdiction over the claim, and thus, all appellate procedure will be futile. Under this analysis, even if this Court exercised jurisdiction and proceeded to hear the breach of fiduciary duty claim, there would be no danger of inconsistent rulings on the issue between the appellate court and this Court, because the appellate court would not have jurisdiction to hear the issue, and therefore would not decide the issue on its merits.

Second, Conwill argues that it is highly unlikely that the Supreme Court would grant certiorari in this case. Conwill states that because the Fifth Circuit's decision in *Conwill I* was an unpublished opinion, whatever conflict it might have with another circuit, it is not a true "conflict." Conwill also rebuts Greenberg and Gordon's contention that the Fifth Circuit created a large conflict

9

or misstated a rule of law. Thus, Conwill argues that since the petition for certiorari will be futile, there is no need to institute a stay.

Third, Conwill argues that even if the merits of the breach of fiduciary duty claim are ever taken up by the appellate courts, a ruling favorable to Greenberg and Gordon would not be dispositve of *Conwill II*. In addition to the breach of fiduciary duty claim, Conwill also has alleged a claim under the Louisiana Racketeering Act, which allegedly was not brought in *Conwill I*, and a punitive damage claim. Thus, a substantive ruling in *Conwill I* would not terminate all of the claims in *Conwill II*.

Finally, Conwill alleges that he will suffer from any additional delay and that Greenberg and Gordon are merely attempting to unjustly delay Conwill's claims. Conwill points out that he has litigated claims against Greenberg and Gordon for two and a half years and that extensive discovery has been completed in the previous case. Conwill disputes Greenberg and Gordon's contention that a large amount of new discovery is necessary. Conwill alleges that because the parties have already exchanged expert reports, deposed experts, and engaged in other extensive discovery, most of that discovery can be used in this case.[37]

### III. CONCLUSION

Gordon and Greenberg have failed to justify a stay under any of the standards discussed above. First, the Defendants have not shown that the appellate courts will be able to rule on the merits of the peremption question regarding the breach of fiduciary duty claim. While the Fifth

---

[37] Greenberg and Gordon question how useful the discovery from *Conwill I* will be in *Conwill II*. First, Greenberg and Gordon contend that no agreement has been reached over what discovery from *Conwill I* may be used in *Conwill II*. Second, Greenberg and Gordon further allege that because one of the organizers of the alleged tax conspiracy still must be deposed (Ohle), this will likely lead to a large amount of further discovery. Conwill argues that every other major player has already been deposed and that Greenberg and Gordon's assertion is "baseless."

Circuit held that the Defendants did not have standing as the prevailing party to raise this issue on appeal, the Fifth Circuit also strongly hinted that it did not have jurisdiction over Greenberg and Gordon's appeal because they did not challenge Judge Africk's decision to decline to exercise supplemental jurisdiction. Thus, even if the Supreme Court holds that prevailing parties, such as Greenberg and Gordon, have standing to raise appeals, the appellate courts may still decline to rule on the merits because of a lack of jurisdiction.

*Conwill II* involves an allegedly new claim under the Louisiana Racketeering Act. Whether it could have or should have been alleged in *Conwill I* has not been addressed by this Court. Further, *Conwill II* also alleges a punitive damage claim under New York law. Thus, even if the appellate courts eventually find that Plaintiff's breach of fiduciary duty claim is time-barred, such a finding may have little or no impact on Conwill's remaining claims. Accordingly, Greenberg and Gordon will be subject to the cost of litigation–through motions practice or discovery–regardless of the final outcome of *Conwill I*. Finally, while this is a new case that will need discovery, the parties engaged in extensive discovery in *Conwill I* that should lower the costs in the present case, and therefore proceeding should not be overly burdensome or costly.

Greenberg and Gordon have not met the "heavy burden" to justify a stay in *Conwill II*. Greenberg and Gordon have not demonstrated that the stay is justified by a "genuine necessity," that the stay is necessary to "prevent injustice," or that the stay would prevent a "significant waste of judicial resources." However, the Court is aware that there may be one overlapping issue: the breach of fiduciary duty claim. Therefore, should the United States Supreme Court accept Greenberg and Gordon's writ of certiorari, this Court will entertain a subsequent motion to stay, if such a motion is filed.

Accordingly;

**IT IS ORDERED** that Defendants' Motions to Reinstate a Stay of Proceedings are **DENIED**.

**IT IS FURTHER ORDERED** that this Court will entertain a motion to issue a stay if the United States Supreme Court accepts the writs filed by Defendants and this Court is timely notified of that decision.

New Orleans, Louisiana, this  7th  day of February, 2012.

*Nannette Jolivette Brown*
NANNETTE JOLIVETTE BROWN
UNITED STATES DISTRICT JUDGE