UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID O. CONWILL, IV** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-0938** |
| **GREENBERG TRAURIG, L.L.P., et al.** | **SECTION: "G"(1)** |

### ORDER AND REASONS

Before this Court is Defendant Greenberg Traurig, L.L.P.'s ("Greenberg") Motion to Dismiss Case Pursuant to FRCP 12(b)(6) and Alternative Motions for Summary Judgment and to Strike.[1] In Greenberg's motion it requests this Court dismiss the claims against it and other defendants based on *res judicata* and peremption. Having considered the motion, the response, the reply, the surreply, the supplemental briefings, the record, and the applicable law, for the following reasons, the Court will grant in part and deny in part Greenberg's Motion to Dismiss the Case.

### I. Background

*A. Factual Background*

In 2002, Defendant John Ohle ("Ohle"), an attorney licensed to practice law in New York, approached Plaintiff Daniel O. Conwill, IV ("Conwill") about considering investment strategies meant to lower Conwill's income tax liability.[2] Specifically, the proposed plan would allow Conwill to reduce his tax liability in the case of a financial loss from the investment. Ohle informed Conwill that Greenberg Traurig, L.L.P. ("Greenberg") would provide an independent opinion letter outlining the merits and legality of this strategy.[3] Conwill was introduced to Jay I. Gordon ("Gordon"), who

---

[1] Rec. Doc. 65. Defendant Jay I. Gordon filed an almost identically styled motion and incorporates by reference all arguments made in Greenberg's motion. Rec. Docs. 60, 60-1.

[2] Rec. Doc. 1 at p. 6.

[3] *Id.*

was at that time a member of Greenberg, who told Conwill that his team would research this tax strategy.[4]

Conwill entered into a representation agreement with Greenberg on September 15, 2003, and it was agreed that in exchange for a $100,000 retainer Greenberg would provide the opinion letter regarding the tax strategy.[5] Conwill alleges that despite the parties agreement for an "independent' analysis of the tax strategy, he was provided with a pre-drafted opinion that Ohle and Greenberg circulated to other prospective clients to entice them to adopt the strategy.[6]

On October 10, 2003, Gordon "purported to provide an indepednent analysis in an opinion letter" to Conwill.[7] Gordon has since admitted that he committed fraud in providing this letter to Conwill.[8] When the IRS eventually audited Conwill he was assessed for significant back-taxes and penalties.

## *B. Procedural Background*

On July 9, 2009, Conwill filed his first complaint against these same defendants (hereinafter "*Conwill I*") in the Eastern District of Louisiana.[9] The suit invoked this Court's federal question jurisdiction under 28 U.S.C. § 1331 in a claim pursuant to the Racketeer Influenced and Corrupt Organization Act[10] ("RICO") and supplemental jurisdiction under 28 U.S.C. § 1367 for related state

---

[4]  *Id.*

[5]  *Id.* at p. 9.

[6]  *Id.* at p. 10.

[7]  *Id.* at p. 9.

[8]  *Id.*

[9]  *Id.* at p. 21 (Before Judge Lance M. Africk, Section "I.")

[10]  18 U.S.C. §§ 1961-1968.

2

law claims of legal malpractice, fraud, civil conspiracy to commit fraud, breach of contract, and breach of fiduciary duty.[11] Despite complete diversity existing between Conwill and the defendants, Conwill did not invoke the *Conwill I* court's diversity jurisdiction and was later denied leave to amend his complaint to allege diversity jurisdiction over the state law claims.[12] The *Conwill I* court granted Greenberg's motion for summary judgment regarding "state law claims for legal malpractice, fraud, civil conspiracy to commit fraud, and breach of contract," finding that all had prescribed under Louisiana Civil Code article 3492's one-year prescriptive period.[13] Breach of fiduciary duty remained as the sole state law claim alleged in *Conwill I*. Greenberg again moved for summary judgment, and the court granted the motion and dismissed the federal RICO claim, holding that the claim was time barred under the Private Securities Litigation Reform Act[14] ("PSLRA").[15] Having no claims left before it pursuant to its exercise of federal question jurisdiction under 28 U.S.C. § 1331, the court exercised its discretion under 28 U.S.C. § 1367(c)(3) to decline pendant jurisdiction over the breach of fiduciary duty claim and dismissed the "remaining state law claims" without prejudice.[16]

On April 4, 2011 Conwill filed a second complaint in federal court ( hereinafter "*Conwill II*"), asserting state causes of action arising from the same set of facts as *Conwill I* and now alleging in addition to the breach of fiduciary duty claim, asserted in the first suit, a claim for fraud,

---

[11] Rec. Doc. 1 at p. 21.

[12] *Id.* at p. 22.

[13] *Id.* at p. 23.

[14] Pub. L. 104-67, 109 Stat. 737.

[15] Rec. Doc. 1 p. 23.

[16] *Id.*

3

violations of the Louisiana Racketeering Act[17] ("LA-RICO"), and also seeking punitive damages under New York law; in this new complaint, Conwill invokes this Court's diversity jurisdiction.[18] While initially assigned to Judge Kurt D. Engelhardt, Section "N," the case was subsequently transferred to Judge Lance M. Africk, Section "I," based on the case being related to *Conwill I*,[19] and then again to this Section, Section "G" on November 11, 2011 as part of a new docket created for Section "G."

On February 29, 2012, Greenberg filed the present motion for summary judgment to dismiss the suit in its entirety based on *res judicata* and peremption.[20] Conwill filed an opposition to the motion on March 7, 2012.[21] With leave of court, Greenberg filed a reply.[22] On March 26, 2012 Conwill filed a surreply.[23] Following leave of Court, Conwill filed a supplemental memorandum in opposition to Defendants' dismissal motions.[24] On May 30, 2012 Defendant Jay I. Gordon filed a supplemental memorandum in support of a motion to dismiss.[25]

---

[17] La. R.S. § 15:1356(E)

[18] Rec. Doc. 1 at p. 4.

[19] Rec. Doc. 11.

[20] Rec. Doc. 65.

[21] Rec. Doc. 72.

[22] Rec. Doc. 91.

[23] Rec. Doc. 94.

[24] Rec. Doc. 100.

[25] Rec. Doc. 104.

## II. Law and Analysis

*A. Res Judicata*

Greenberg in its pending motion cites Supreme Court and Fifth Circuit precedent to support his contention that Conwill's claim pursuant to LA-RICO and his state law punitive damages claims are barred under the principle of *res judicata* because they were alleged or should have been alleged in *Conwill I*.[26] Greenberg concedes that *res judicata* does not preclude Conwill's claim here for breach of fiduciary duty because it falls within the narrow exception to *res judicata* because the court issuing the final order in *Conwill I* expressly reserved Conwill's right to refile this specific claim. However, Greenberg asserts the *Conwill I* court's order allowing the refiling of that claim does not extend to the LA-RICO and punitive damages claims alleged in *Conwill II* because, although they should have and could have been asserted in *Conwill I*, they were not, and therefore were not before the court when it issued its final judgment, reserving Conwill's right to refile the breach of fiduciary duty claim.

In opposition, Conwill denies that *res judicata* applies to his LA-RICO claim or request for punitive damages.[27] Conwill argues that *res judicata* is not applicable when state claims are dismissed without prejudice, as they were in *Conwill I*, pursuant to the district court's discretion to decline jurisdiction under 28 U.S.C. § 1367(c)(3).[28] Specifically, Conwill asserts that the Fifth Circuit follows the Restatement (Second) on Judgments, § 26, that states that dismissals "without

---

[26] Rec. Doc. 65-1 at p. 13 (citing *Federated Dept. Stores, Inc. V. Moitie,* 452 U.S. 394, 398 (1981) and *Vines v. Univ. of La. at Monroe*, 398 F.3d 700, 709 (5th Cir. 2005)).

[27] Rec. Doc. 72 at p. 30.

[28] *Id.*

5

prejudice" are exempt from the preclusive effect of *res judicata*.[29] Conwill cites one case from the Louisiana Supreme Court authored by then Justice Dennis, now Judge Dennis of the United States Court of Appeals for the Fifth Circuit, where the state court opines that federal *res judicata* does not apply if the federal court in the first suit did not have had jurisdiction to hear an unpled state claim or the federal court having jurisdiction would have clearly exercised its discretion to decline jurisdiction.[30] As the *Conwill I* court exercised its discretion and declined jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) for the remaining state law claims, Conwill argues *res judicata* does not apply to his LA-RICO and demand for punitive damages asserted in *Conwill II*.[31]

In addition, Conwill cites decisions from intermediate appellate courts of Louisiana to assert the position that this exception to *res judicata* extends not only to previously asserted state law causes of action that the previous court declined to hear after the federal claim was dismissed, but also to "any and all claims" that were not dismissed with prejudice, including those not raised in the first suit.[32] Conwill attemps to distinguish the cases cited by Greenberg as not applicable here because none of the cases cited by Greenberg consider dismissal on the grounds of *res judicata* for claims that were dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).[33] Furthermore, Conwill focuses on the *Conwill I* court's ruling to argue that the court "explicitly referenced Mr. Conwill's right to refile and 'expressly' dismissed Conwill's remaining state law claims without

---

[29]  *Id.*

[30]  *Id.* at p. 31 (citing *Reeder v. Succession of Palmer*, 623 So.2d 1268, 1272-73 (La. 1993) (Dennis, J.)).

[31]  *Id.*

[32]  *Id.* at p. 32 (citing *Morales v. Parish of Jefferson*, 10-273 (La. App. 5 Cir. 11/9/10); 54 So.3d 669, 673).

[33]  *Id.* at pp. 34-35.

prejudice," therefore implicating *res judicata*'s exception when the court specifically reserves the right to refile.[34]

In reply, Greenberg argues that Conwill's argument that 28 U.S.C. § 1367(c)(3) forecloses the application of *res judicata* fails because § 1367(d), which tolls prescription when claims are dismissed under (c)(3), only applies to claims that have been asserted in prior cases when the court has declined to exercise jurisdiction over those claims.[35] Therefore, Greenberg maintains that because the LA-RICO claim was never raised nor did the court in *Conwill I* make an express reservation for Conwill to refile state law claims not then pending before the court, *res judicata* must apply.[36] Greenberg focuses on the *Conwill I* court's language to support its position that an express reservation was made only regarding the state law claim for breach of fiduciary duty, as that was the only remaining state law claim before the *Conwill I* court.[37]

In surreply, Conwill reiterates his contention that *res judicata* does not apply to claims dismissed under 28 U.S.C. § 1367(c)(3) without prejudice.[38] Conwill cites the same Louisiana Supreme Court case, authored by Judge Dennis, where the court stated that *res judicata* does not apply to an omitted state claim when it is clear that even though the court had jurisdiction, it would decline to exercise it.[39] Furthermore, Conwill maintains that the *Conwill I*'s discretionary dismissal

---

[34] *Id.* at p. 35. The quotations are from Conwill's memorandum and not directly from the *Conwill I* court.

[35] Rec. Doc. 91 at p. 1 (citing *Jarmuth v. Frinzi*, No. 1:04CV63, 2006 WL 4730263, at * 10 (N.D. W. Va. July 25, 2006)).

[36] *Id.* at pp. 1-2.

[37] *Id.* at pp. 2-3.

[38] Rec. Doc. 94 at p. 3.

[39] *Id.* (citing *Reeder*, 623 So.2d at 1272-73).

7

of the remaining state law claims is a clear indication that it also would have declined jurisdiction over the LA-RICO claim and demand for punitive damages, therefore, *res judicata* does not apply to that claim in the present matter.[40]

### *B. Law and Analysis on Res Judicata*

The United States Supreme Court has articulated the importance of the application of *res judicata* and demands a "rigorous application of *res judicata*" recognizing "no general equitable doctrine ... which countenances an exception" and has further stated that "the doctrine of res judicata serves vital public interests beyond any individual judge's ad hoc determination of the equities of a particular case. There is simply 'no principle in law or equity which sanctions the rejection by a federal court of the salutary principle of *res judicata*."[41] The rules of *res judicata* serve to "preclude relitigation of matters that have been litigated previously or to preclude matters that *should* have been litigated previously."[42] The Supreme Court has noted that *res judicata* serves to "relieve parties of the cost and vexation of multiple lawsuits [and to] conserve judicial resources."[43]

As a preliminary matter, the case currently pending before this Court falls squarely within the four requirements triggering the application of the doctrine of *res judicata*[44]: (1) the parties are identical; (2) the prior judgment in the *Conwill I* court had competent jurisdiction; (3) the *Conwill*

---

[40] *Id.* at p. 5.

[41] *Federated,* 452 U.S. at 400-01 (quoting *Heiser v. Woodruff*, 327 U.S. 726, 733 (1946)).

[42] Charles Alan Wright, et al., Federal Practice & Procedure, § 4403: Policies and Sources of Res Judicata.

[43] *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

[44] The elements necessary to trigger *res judicata* are as follows: (1) the parties must be identical in both suits; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must have been a final judgment on the merits; and (4) the same cause of action must be involved in both cases. *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 560 (5th Cir. 1983) (en banc).

*I* court ruled on the merits of the federal civil RICO claim and dismissed[45]; and (4) Conwill's allegations arise from the same alleged set of facts as was at issue in *Conwill I*.[46] The parties do not dispute this conclusion.

The United States Supreme Court and the United States Fifth Circuit have clearly stated that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."[47] Therefore, *res judicata* applies not only to claims raised in *Conwill I*, but also to those that could have been raised but were not. Nevertheless, the Fifth Circuit has identified a narrow exception which allows a plaintiff to return to court regarding the same set of facts "on specified parts of the claim or cause of action that was advanced in the first action" when the "rendering court explicitly reserves an issue or claim for subsequent proceedings."[48]

Conwill contends that the *Conwill I* court expressly reserved all state law claims, including the unpled LA-RICO claim and demand for punitive damages, when the court ruled that "plaintiff's remaining state law claims are dismissed without prejudice."[49] After the *Conwill I* court dismissed the claims for legal malpractice, fraud, civil conspiracy to commit fraud, and breach of contract and then subsequently dismissed the federal RICO claim, the only remaining claim before the *Conwill I* court, state or otherwise, was for breach of fiduciary duty.

---

[45] *Conwill I*, Rec. Doc. 328.

[46] *See Nilsen*, 701 F.2d at 560 (outlining requirements for *res judicata*).

[47] *Federated*, 452 U.S. at 399; *see also Eubanks v. F.D.I.C.*, 977 F.2d 166, 174 (5th Cir. 1992).

[48] *King*, 23 F.3d at 929.

[49] *Conwill I*, Rec. Doc. 328 at pp. 1, 13.

9

To avoid the application of *res judicata*, Conwill argues that in cases where pendant jurisdiction is declined under 28 U.S.C. § 1367(c)(3), the preclusive effect of *res judicata* does not apply. Conwill cites no controlling precedent to support this claim, and this Court finds none. The Court appreciates that Conwill's interpretation of the *Conwill I* court's choice of words in dismissing his state law claim without prejudice is premised on the *Reeder* decision authored by Judge Dennis when he was a state Supreme Court Justice in 1993, however, such reliance is misplaced. In *Reeder*, plaintiffs filed a suit in federal district court on federal claims. After the conclusion of that case, the plaintiffs filed another suit in state court on "a petition virtually identical to his federal action," but in that suit grounded its complaint on state law.[50] Judge Dennis, as a state court judge, interpreting federal *res judicata,* stated that "unless it is clear that a federal court would have declined as a matter of discretion to exercise its pendant jurisdiction over state law claims omitted by a party, a subsequent state action on those claims is barred."[51] Conwill applies *Reeder* to support his position that because the *Conwill I* court declined to exercise its pendant jurisdiction, the current state law claims are not barred. However, prior to and subsequent to the *Reeder* opinion, the Fifth Circuit has decided two cases that are controlling on this Court's application of *res judicata* to the facts presented here.

In *King v. Provident Life and Accident Insurance Co.*,[52] decided before *Reeder*, Plaintiffs filed a case in federal district court seeking damages from an insurance company. Plaintiffs failed to bring a state law cause of action for an inadequate conversion policy, and the district judge

---

[50] 623 So.2d at 1271.

[51] *Id.* at 1274.

[52] 23 F.3d 926 (1994).

10

decided that it could not "in the interests of justice permit amendment of the pleadings as such a late date."[53] In disposing of the case on summary judgment, the court referred to the inadequate insurance policy claim that was not timely asserted and stated "[Plaintiffs], of course, retain the right to file another lawsuit with regard to *this* claim."[54] Plaintiffs refiled a claim asserting this cause of action, and the Fifth Circuit reversed a subsequent district court's decision which held that *res judicata* barred the claim for the inadequate conversion policy. The Fifth Circuit explained that if a judgment "expressly leaves open the opportunity to bring a second action on *specified* parts of the claim or cause of action *that was advanced in the first action*" preclusion should be forestalled.[55]

In *Vines v. University of Louisiana at Monroe*,[56] decided over a decade after *Reeder*, the Fifth Circuit held that "absent an *express* reservation, res judicata applies to bar a second suit."[57] In *Vines*, plaintiffs brought suit against the state of Louisiana in federal district court alleging violations of the federal Age Discrimination in Employment Act and other state causes of action. After ruling that the Eleventh Amendment divested the district court of jurisdiction over plaintiffs' federal claims, the court remanded the remaining state law claims to state court.[58] The Louisiana trial court dismissed the remaining claims, finding that *res judicata* precluded them. An intermediate Louisiana appellate court reversed the trial court, allowing the claims to be refiled and the defendant filed a motion under the Anti-Injunction Act in federal district court to seek a permanent injunction seeking

---

[53] *Id.* at p. 928.

[54] *Id.* (emphasis added).

[55] *Id.* at 928 (emphasis added).

[56] 398 F.3d 700.

[57] *Id.* at 712 (emphasis in original).

[58] *Id.* at 703.

11

to enjoin the state lawsuit.[59] On review, the United States Fifth Circuit Court of Appeals applied *res judicata* to the state law claims then pending in state court, explaining that, "unlike *King*, in which the district court specifically stated that plaintiffs retained the right to file another lawsuit on 'this' claim, the district court made no such reservation of rights in either the remand order or the final judgment in the *Vines* case."

In contemplating whether to exercise its pendant jurisdiction over the remaining state law claim of breach of fiduciary duty, the *Conwill I* court stated:

> Having dismissed plaintiff's federal claim before trial, the Court next considers whether to exercise supplemental jurisdiction over plaintiff's remaining state law claim for breach of fiduciary duty. See Cudd Pressure Control Inc. v. Roles, 328 Fed. Appx. 961, 966 n.2 (5th Cir.2009) ("[T]the district court should keep in mind the Supreme Court's instructions that 'if the federal claims are dismissed before trial, … the state claims should be dismissed [or remanded] as well.'") (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966)). "When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims. However the dismissal should expressly be without prejudice so that the plaintiff may refile in the appropriate state court." Bass v. Parkwood Hospital, 180 F.3d 234, 246 (5th Cir.1999). Accordingly, the Court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claim. See 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction."); Severin v. Parish of Jefferson, 357 Fed. Appx. 601, 606 (5th Cir. 2009).
>
> For the foregoing reasons,
> **IT IS ORDERED** that the defendants' motions for summary judgment are **GRANTED** and plaintiff's RICO claims are **DISMISSED WITH PREJUDICE**.
> **IT IS FURTHER ORDERED** that plaintiff's remaining state law claims are **DISMISSED WITHOUT PREJUDICE**.[60]

In the *Conwill I* court's discussion of the pendant state law claims, the court expressly

---

[59] *Id.* at 704.

[60] *Conwill I*, Rec. Doc. 328 at pp. 12-13.

12

mentions only the sole remaining state law claim, breach of fiduciary duty. This is the only claim the *Conwill I* court has dismissed without prejudice because it was the only claim pending before it. Dismissals without prejudice "permit a second action unless reversed or set aside,"[61] and even Greenberg asserts that the *Conwill I* court did in fact reserve such a right for the breach of fiduciary duty claim.[62] However, because the LA-RICO claim and demand for punitive damages were never expressly mentioned, and were not even pending before it at the time of judgment, this Court cannot find that the *Conwill I* court reserved them for refiling in a subsequent suit.

This Court is not persuaded by Conwill's attempt to analogize this case to *King*. Conwill states that "this Court's decision to decline to exercise supplemental jurisdiction over Mr. Conwill's remaining state law claims both explicitly referenced Mr. Conwill's right to refile and expressly dismissed 'remaining state law claims' 'without prejudice.'"[63] At best, the *Conwill I* court's specific refusal to exercise jurisdiction over the "breach of fiduciary duty claim" and subsequent reference to "plaintiff's remaining state law claims" taken together create an ambiguity regarding the unasserted state law claims. However, the Fifth Circuit requires an "express reservation" of a party's right to refile *specific* claims in order for the preclusive effect of *res judicata* to not bar a second suit asserting those claims. Conwill's proposed construction of this exception to *res judicata* would render the requirement that the reservation be made "expressly" meaningless, instead allowing for general or catchall reservations. This Court declines to take liberty with the Fifth Circuit's directive and United States Supreme Court's edict stating that it recognizes "no general equitable doctrine ...

---

[61] *King*, 23 F.3d at 929 (citing Restatement (Second) of Judgments § 26 (1982)).

[62] *See* Rec. Doc. 65-1 at p. 18.

[63] Rec. Doc. 72 at p. 35.

which countenances an exception" to *res judicata* and that "the doctrine of res judicata serves vital public interests beyond any individual judge's ad hoc determination of the equities of a particular case. There is simply 'no principle in law or equity which sanctions the rejection by a federal court of the salutary principle of *res judicata*."[64]

In sum, the *Conwill I* court's dismissal without prejudice alone cannot be plausibly construed to *expressly* reserve a right to refile the previously unpled LA-RICO claim or demand for punitive damages. In its final order the *Conwill I* court did not dismiss the LA-RICO or punitive damages claims "without prejudice" nor did it expressly reserve Conwill's right to refile those claims because they were never pled. *Res judicata* applies to that which was pled and that which *should* have been pled- here, Conwill's LA-RICO and punitive damages claims.

Moreover, the *Conwill I* court had earlier denied Conwill leave to amend his complaint so that he could add a demand for punitive damages, without reserving his right to refile. In *Nilsen v. City of Moss Point, Miss.*,[65] the Fifth Circuit held that a denial of leave to file was a judgment on the merits on an issue, and would be given preclusive effect.[66] The court noted that "both courts and commentators agree that theories which were the subject of an untimely motion to amend, filed in an earlier action, 'could have been brought' there" for *res judicata* purposes.[67] When the *Conwill I* court denied leave to amend it made no express reservation for refiling the punitive damages claim, and Conwill does not argue to the contrary.[68] Therefore, *res judicata* applies to bar all causes of

---

[64] *Federated Dept. Stores,* 452 U.S. at 400-01 (quoting *Heiser v. Woodruff*, 327 U.S. 726, 733 (1946)).

[65] 701 F.2d 556 (5th Cir. 1983).

[66] *Id.* at 559.

[67] *Id.* at 563.

[68] *See Conwill I,* Rec. Doc. 175.

14

action arising from this set of facts, except for the claim for breach of fiduciary duty, which the *Conwill I* court expressly reserved for refilling.

### C. Peremption Under La. Rev. Stat. § 9:5605 of the Breach of Fiduciary Duty Claim

As the breach of fiduciary duty claim is all that remains in this case because of the preclusive effect of *res judicata*, the Court will now examine if this claim is perempted pursuant to as La. Rev. Stat. § 5605, as argued by Greenberg. Greenberg asserts that all of Conwill's claims against it are perempted under this statute. Specifically, this statute imposes an absolute time limit on bringing malpractice claims against an attorney in Louisiana. As a preliminary matter, it must be determined whether this statute is applicable to the present case.

The statute states:

No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.[69]

Greenberg contends that this statute applies to out of state lawyers and law firms, citing two cases from the Eastern District of Louisiana.[70]

---

[69] La. Rev. Stat. § 9:5605.

[70] Rec. Doc. 65-1 at pp. 22-23 (citing *Evans v. Union Bank of Switzerland*, No. 01-1507, 2002 WL 31682787 (E.D. La. Nov. 25, 2002) (Engelhardt, J.) and *Henry v. Duane Morris, LLP*, No. 03-2363, E.D. La., decision on appeal, 210 Fed. App'x 356 (5th Cir. 2006)).

In opposition, Conwill argues that the *Conwill I* court already rejected Greenberg's arguments that this statute applies to Conwill's claims, and instead ruled that a ten-year prescriptive period applied to these claims.[71] In addition, Conwill cites *Davis v. Parker*,[72] to argue that this statute only applies to "traditional legal malpractice" arising out of the quality of legal services and not to any fraudulent action committed by an attorney.[73]

In reply, Greenberg disputes that the *Conwill I* court decided this issue, and in the alternative states that even if the court had, this Court is not bound by that decision upon this posture.[74] Greenberg argues that Judge Africk did not make a "substantive holding under § 9:5605," but instead declined to decide if this statute applied to Conwill's claims.[75] In surreply, Conwill claims that Local Rule 3.1.1 and the waiver doctrine prohibit the application of this statute now.[76] Conwill highlights that the *Conwill I* court ruled that this statute did not apply and Greenberg failed to properly appeal the issue, thus waiving the argument in this litigation.[77]

### *D. Law and Analysis on La. Rev. Stat. § 9:5605*

---

[71] Rec. Doc. 72 at pp. 36-37.

[72] 58 F.3d 183, 188 (5th Cir. 1995).

[73] Rec. Doc. 72 at pp. 38-39.

[74] Rec. Doc. 91 at p. 5 (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)).

[75] *Id.* n. 5.

[76] Rec. Doc. 94 at p. 6. Local Rule 3.1.1 states:

> To promote judicial economy, conserve judicial resources, and avoid potential forum shopping and conflicting court rulings, all actions described in LR 3.1 must be transferred to the section with the lowest docket number, unless the two judges involved determine that some other procedure is in the interest of justice. If the transferee and transferor judges cannot agree upon whether a case should be transferred, the opinion of the transferee judge prevails. If counsel fails to make the certification described in LR 3.1 , the judge to whom the case is allotted must transfer the action when he or she learns of the related nature of the proceedings.

[77] *Id.*

The Court finds that the applicability of La. Rev. Stat. § 9:5605 was addressed by the *Conwill I* court. The *Conwill I* court stated that it "declines to apply Louisiana Revised Statute § 9:5605 to plaintiff's claims."[78] The reasoning in the *Conwill I* court's opinion is informative. Relying of the United States Court of Appeals for the Fifth Circuit's opinion in *Henry v. Duane Morris, LLP*,[79] the *Conwill I* court acknowledged that the Louisiana Supreme Court has yet to rule on the applicability of 9:5605 to out of state attorneys and law firms, and therefore would not apply the statute to these groups.[80] The *Conwill I* court also relied on a concurring opinion from Judge Reavley where he opined that the "one-year prescriptive period of LSA-R.S. 9:5605 only applies to claims against attorneys licensed to practice in Louisiana."[81] No one alleges that Greenberg, a juridical person, is actually licensed to practice law in Louisiana.[82] Greenberg has not cited any intervening decisions providing authority to this Court that would change this analysis, and therefore this Court will follow the same analysis as the *Conwill I* court and the Fifth Circuit, and will therefore not apply this statute to Conwill's claim for breach of fiduciary duty.

### III. Conclusion

---

[78] *Conwill I*, Rec. Doc. 158 at p. 11

[79] 210 Fed. App'x 356, 2006 WL 3677088 (5th Cir. Dec. 12, 2006).

[80] *Conwill I*, Rec. Doc. 158 at pp. 10-11.

[81] *Brown v. Slemker*, 220 F.3d 411, 427 (Reavley, J., concurring).

[82] Only natural persons may be admitted to the Bar of Louisiana. La. S. Ct. Rule XVII, § 3.

It is undisputed that the matter currently pending before this Court arose out of the same common nucleus of operative facts upon which *Conwill I* was decided. For this reason, *res judicata* is triggered to bar all claims that were brought or could have been brought arising from these same set of facts, unless an express reservation was made to specific claims to forestall preclusion. The *Conwill I* court only made an express reservation with regard to Conwill's state law claim for breach of fiduciary duty, and therefore, this is the only claim that may proceed here in *Conwill II*. Furthermore, the Court finds that either because the *Conwill I* court squarely addressed the issue and the decision was not appealed, making the Court collaterally estopped from allowing the parties to relitigate it, or simply because this Court will follow the analysis and supporting authority in the *Conwill I* court, Conwill's claim for breach of fiduciary duty is not perempted by La. Rev. Stat. § 9:5605. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Greenberg's Motion to Dismiss Case Pursuant to FRCP 12(b)(6) and Alternative Motions for Summary Judgment and to Strike,[83] is **GRANTED IN PART** and **DENIED IN PART.** The motion is granted regarding Greenberg's claims under Federal Rule of Civil Procedure 12(b)(6) that *res judicata* bars Conwill's claims pursuant to LA-RICO and demand for punitive damages, and these claims are dismissed with prejudice. However, the motion is denied with regard to Greenberg's claim that La. Rev. Stat. § 9:5605 applies to perempt Conwill's remaining claim for breach of fiduciary duty. Considering Conwill's state law claim for punitive damages is dismissed under *res judicata*, Greenberg's alternative motion to strike under Federal Rule of Civil Procedure 12(f) is denied at moot.

---

[83] Rec. Doc. 65.

**NEW ORLEANS, LOUISIANA**, this 28th day of September, 2012.

*[Signature: Nannette Jolivette Brown]*

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**