UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID O. CONWILL, IV | CIVIL ACTION |
| VERSUS | NO. 11-0938 |
| GREENBERG TRAURIG, L.L.P., et al. | SECTION: "G"(1) |

## ORDER AND REASONS

Before this Court is Plaintiff David O. Conwill, IV's ("Plaintiff") *Ex Parte* Petition for Writ of Habeas Corpus Ad Testificandum of John Ohle,[1] wherein he requests that this Court exercise its authority under 28 U.S.C. § 2241(c)(5) and Federal Rule of Civil Procedure 81(a)(4)[2] to secure the live in court testimony of Defendant John Ohle ("Ohle"), who is currently incarcerated in Pensacola, Florida. Plaintiff has not filed a supporting memorandum, but in the pending motion avers that the testimony of Mr. Ohle is "necessary to Mr. Conwill to present his case at trial."[3]

This Court recognizes that whether to issue a writ of habeas corpus ad testificandum is within the "sound discretion of the district court."[4] In *Ballard v. Spradley*,[5] the United States Court of Appeals for the Fifth Circuit contemplated a prisoner-plaintiff's right to testify in person in his own civil litigation wherein the cause of action alleged occurred while the plaintiff was incarcerated. The Fifth Circuit outlined the four factors a district court must consider in the exercise of its discretion:

---

[1] Rec. Doc. 231.

[2] Federal Rule of Civil Procedure 81 states, "These rules apply to proceedings for habeas corpus and for quo warranto to the extent that the practice in those proceedings: (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases."

[3] Rec. Doc. 231.

[4] *Latiolais v. Whitley*, 93 F.3d 205, 208 (5th Cir. 1996); *see also Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir. 1977).

[5] 557 F.2d 476.

(1) whether the prisoner's presence will substantially further the resolution of the case; (2) the security risks presented by the prisoner's presence; (3) the expense of the prisoner's transportation and safekeeping; and (4) whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted.[6] The Fifth Circuit again addressed the issue of a writ of habeas corpus ad testificandum in *ITEL Capital Corp. v. Dennis Supply & Equipment, Inc.*,[7] where the prisoner was a defendant in the civil matter and the alleged cause of action arose from incidents occurring before the prisoner was incarcerated, as is the case here. In *ITEL*, the district court denied the defendant-prisoner's writ because it was untimely filed.[8] While the Fifth Circuit held that the district court did not abuse its discretion in denying the writ solely on the basis of untimeliness, it recognized that had the writ been filed timely the district court would be required to consider the same factors as outlined in *Ballard*.[9] "Consideration of these factors is meant to ensure that the district court properly weighs the interest of the inmate in presenting his case in person, versus the interest of the state in maintaining the inmate's incarceration."[10]

The Court first notes that unlike in *ITEL*, *Ballard*, and *Latiolais,* the prisoner in the present matter did not file the writ, but rather it has been filed by another party.[11] Accordingly, considerations such as whether the district court properly weighs the interest of the inmate in

---

[6] *Id.* at 480.

[7] 651 F.2d 405 (5th Cir. Unit B July 24, 1981).

[8] *Id.* at 407.

[9] *Id.*

[10] *Latiolais*, 93 F.3d at 208.

[11] The pending motion does state that notice was given to counsel for Mr. Ohle to express any objections, and that none was receieved. Rec. Doc. 231 at p. 1. n. 1.

presenting his case in person, versus the interest of the state in maintaining the inmate's incarceration, do not necessarily come into play. Nonetheless, the Court finds that upon weighing the aforementioned factors as outlined by the Fifth Circuit, Mr. Ohle's in person testimony is not warranted. Considering the first factor, while live in person testimony may be ideal, this Court has communicated to the parties that it will work to accommodate Mr. Ohle's testimony live via video conference; and as another alternative, Mr. Ohle's testimony can be presented from video or other type of deposition, thus providing reasonable alternatives, which would also preserve the state's interests in maintaining Mr. Ohle's incarceration.[12] Moreover, as the Court has noted above, Plaintiff did not provide a memorandum in support of the pending motion and so the Court has been provided with no explanation as to why Mr. Ohle's live in person testimony warrants the request sought here, other than the conclusory statements contained in the motion itself that, "because of the nature of Mr. Ohle's involvement in the events at issue and the fact that his testimony will be document intensive," his live in person testimony is necessary.[13] Furthermore, security and cost concerns are always at issue in the transfer of a prisoner, and the Court finds that Plaintiff's desire for Mr. Ohle's live in person testimony in this matter does not outweigh those concerns. Additionally, in the pending motion, Plaintiff makes no mention of who will bear the burden of cost nor has he made a statement on the record as to who will cover such cost.[14] Lastly, the Court recognizes that the remaining length of Mr. Ohle's incarceration renders continuance impracticable, but this factor alone

---

[12] *See* Rec. Doc. 246.

[13] Rec. Doc. 231; *see* also *United States v. $64,000.00 in Unites States Currency*, 722 F.2d 239, 247 (5th Cir. 1984) (finding that the district court did not abuse its discretion in denying a writ of habeas corpus ad testificandum when the petitioner "made no showing that his presence would 'substantially further the resolution of [his] case.'").

[14] *See id.* (finding no abuse of discretion when petitioner did not post the necessary money to transport the prisoner).

is insufficient to warrant Mr. Ohle's live, in court testimony, considering the other available alternatives.

In sum, considering there exists an alternative in the video teleconferencing ability of the Court to present Mr. Ohle live, but not in person, and although this may not be equivalent to Mr. Ohle's live in person testimony, the Court finds it to be a suitable alternative. Also, if teleconferencing proves unworkable, Mr. Ohle's testimony can be presented by deposition, video or otherwise. Finally, Mr. Ohle, or attorneys hired on his behalf, have not requested he be present in Court to protect his interests. Accordingly;

**IT IS HEREBY ORDERED** that the *Ex Parte* Petition for Writ of Habeas Corpus Ad Testificandum of John Ohle is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 24th day of October, 2012.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**